UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**APR 2 2 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-449-KSF

CHARLES E. ADAMS, JR.                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

LOUIS B. LAWSON, JAILER, ET AL.                                    DEFENDANT


The plaintiff, who is currently confined at the Northpoint Training Center in Burgin, Kentucky, has filed a 42 U.S.C. §1983 complaint. The plaintiff complains that his rights under Section 5 of the Kentucky Constitution and pursuant to K.R.S. §§441.141 and 441.145 have been violated because his "right to practice religion was violated." He claims this has happened because, from June 13, 2004, until July 27, 2004, while he was confined in disciplinary segregation, he was not provided with "necessary material I needed to practice Islam" and because his request "for a visit with an Islamic leader (Imari) was denied."

The plaintiff seeks damages.

A claimed transgression of the protection of a state constitution may not form the basis of a §1983 claim since it is not a right secured by the Constitution or laws of the United States. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342, *rehearing denied*, 93 S.Ct. 1351, 410 U.S. 948, 35 L.Ed.2d 615 (1973); *Lecrenski Bros. Inc. v. Johnson*, 312 F.Supp.2d 117, 120 (D. Mass. 2004); *Magnuson v. Cassarella*, 812 F.Supp. 824 (N.D. Ill. 1992). Additionally, a claimed transgression of the protection of a state statute may not form the basis of a §1983 claim since it was

1

not a right secured by the Constitution or laws of the United States. *See Bartell v. Lohiser*, 215 F.3d 550 (6th Cir. 2000); *Roberts v. Childs*, 956 F.Supp. 923 (D. Kan. 1997).

A federal district court may transfer any civil action to any other district wherein it may originally have been brought. 28 U.S.C. §1404(a). When a civil action is brought incorrectly in a district, the court may dismiss it or transfer it to the proper district. 28 U.S.C. §1406(a).

The Hardin County Detention Center is the place where the plaintiff claims the actions that are the basis for his complaint occurred. It is located within the Louisville Division of the United States District Court for the Western District of Kentucky. Therefore, this case is more properly brought in the United States District Court for the Western District of Kentucky, Louisville Division.

Accordingly, **IT IS HEREBY ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Louisville Division, for all further proceedings.

This the _22nd_ day of April, 2005.

KARL S. FORESTER, CHIEF JUDGE

2